Day, J.
 

 This is not an action to enforce a contract, but one to determine the reasonableness of a rate independent of contract. We shall confine ourselves, therefore, to the consideration of the controlling question in the case, namely, whether a demand or service charge for electric energy based upon the number of connected lamps on consumer’s property is preferential and discriminatory or fair and reasonable.
 

 Does the fact that the demand or service charge varies with different customers, depending upon the connected load, render the rate not uniform?
 

 Cost of production, in large measure, determines the price at which a manufactured article is to be sold. Ordinarily, manufactured articles can be stored until sold and the plants producing them can continue to operate up to their normal capacity without interruption or interference. However, a. different condition prevails in the manufacture of electric energy. Generally
 
 *331
 
 speaking, electric current is not subject to storage and must be produced as required. Consequently, these plants must hold themselves in constant readiness to serve consumers up to maximum capacity. Difficulty usually arises in the attempt to determine the amount of the charge to be made. A number of different methods are employed in fixing rates,' among them being the one employed in the instant case, namely, a charge based upon the connected wattage demand per month per customer. Under this method the monthly sum charged varies with the wattage of the lamps connected, regardless of whether any current has been consumed or not. The rate charged in the instant case is $1.50 for 500 watts of maximum demand per month per consumer and 30^ for each additional one hundred watt demand or fraction thereof.
 

 How is the “maximum demand” determined?
 

 It is determined in the instant case by considering the maximum demand as 100% of the connected load for the first five hundred watts and as 20% of the connected load over five hundred watts, with a minimum demand for each customer of five hundred watts.
 

 Complaint is that the charges thus made are unfair because they are different to different classes of consumers; that the consumer who uses lights a little pays a higher rate than the consumer who uses the lights more and who greatly exceeds the minimum wattage allowed.
 

 We are inclined to the view, however, that that fact does not render the rate unequal, unfair or discriminatory. While a consumer may use little or no energy a demand is nevertheless placed upon the utility to meet the maximum demand of the connected wattage when the need arises, and this demand, however remote it may be, of necessity adds to the cost of maintenance, operation and production.
 

 We think it is somewhat comparable to the automobile in that the owner who uses his automobile a com
 
 *332
 
 paratively few miles a year must pay more per mile than he who uses it many miles per year, by reason of the capital investment and depreciation as a result of the passage of time.
 

 The company must hold itself in readiness to furnish the maximum demand at all times, and it is only fair and proper that the charge be made to depend upon the readiness to furnish the maximum demand rather than to vary with the amount of current actually furnished. Whether one customer uses his connected lamps more than another is immaterial in view of the fact that the fixed cost to the company for holding itself in readiness remains the same. The question is not so much the amount of electrical energy consumed as it is the expense necessary to provide sufficient and adequate equipment to render the service responsive to the possible maximum demands of the consumers. The method of charging employed in the instant case insures an equitable distribution of the cost of service among all.
 

 We find no undue or unjust discrimination in favor of any class of customers. We consider the schedule of rates, in the instant case, both as to producer and to consumer, to be fair and reasonable, and therefore they should not be disturbed.
 

 Order affirmed.
 

 Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.
 

 Weygandt, C. J., dissents.